**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**DOUGLAS W. WILSON**                                                                                              **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 1:07CV-142-R**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Unrepresented by counsel Plaintiff, Douglas W. Wilson, filed this action against the Commonwealth of Kentucky; Judge Larry Raikes; Judge C. Derek Reed; Commonwealth Attorney Mike Nichols; social workers Tara Wilson, Tonya Dishman, and Jennifer Heller; the Department for Community Based Services-Cabinet for Health and Family Services; Christy Groce; and Charles Groce. All Defendants except the Groces are sued in both their official and individuals capacities. The Groces are sued only in their individual capacities. Plaintiff is proceeding *in forma pauperis*. For that reason, this action is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I. SUMMARY OF CLAIMS**

Plaintiff's complaint is very detailed and quite lengthy. The Court has carefully reviewed the complaint in its entirety. This summary does not attempt to recite every allegation contained in the complaint. Rather, its purpose is to provide the basic facts necessary to understand the Court's decision on initial screening.

Plaintiff married Anna Mae Smith in 1992. Together they had two daughters, C.G. and V.N. Ms. Smith also had another child during the marriage, R.L. However, according to Plaintiff R.L. could not possibly be his biological child because Plaintiff was incarcerated at the time of conception and birth. Plaintiff does not know who fathered R.L. Nevertheless, Plaintiff

treated R.L. as his own son.  Plaintiff and Smith divorced 1997.  In 1999, all three children were taken into the custody of the Commonwealth of Kentucky.  In 2000, Plaintiff's parental rights were terminated.  Defendant Heller was involved in these termination proceedings.  Defendant Raikes presided over the termination proceedings.

In April 2004, Plaintiff began a relationship with Defendant Christy Groce.  In November 2004, Defendant Christy Groce discovered that she was pregnant.  In July 2005, she gave birth to a son, S.A.  Thereafter, Defendant Christy Groce and Plaintiff attempted to get married.  However, they were prevented from doing so because Defendant Christy Groce was still legally married to another man.  Plaintiff and Defendant Christy Groce maintained an "on again, off again" relationship for several months.  In October 2006, Plaintiff accompanied Defendant Christy Groce to the "welfare office in Munfordsville, Kentucky" so that she could obtain benefits for two children she had from previous relationships.  While at the welfare office, Plaintiff encountered Defendant Dishman.  Defendant Dishman had been involved in the termination of Plaintiff's parental rights with respect to his other children.

Plaintiff alleges that two days later Defendant Dishman paid a visit to Defendant Christy Groce's father's house.  Plaintiff further alleges that Defendant Dishman told Defendant Christy Groce that Plaintiff had molested his two daughters with Smith even though this had never been substantiated.  Plaintiff further alleges that Defendant Dishman along with Defendant Charles Groce, Christy Groce's father, coerced Christy into filing stalking charges against Plaintiff.

On October 12, 2006, Plaintiff voluntarily surrendered himself on the stalking charges at the Hart County Sheriff's office.  Plaintiff alleges that after he was released from jail on bond, Defendant Christy Groce called him numerous times and told him that social services coerced her into filing the stalking charges.  Plaintiff alleges that despite the fact that he recorded these

calls, Defendant Nichols insisted on prosecuting him. Defendant Reed presided over the criminal proceedings. Plaintiff alleges that Defendants Christy Groce and Dishman lied under oath during the criminal proceedings. Plaintiff received a "not guilty" verdict on the stalking charges.

In October 2006, Ms. Groce initiated proceedings to obtain sole custody of S.A., her son with Plaintiff. Defendant Reed also presided over these proceedings. Plaintiff alleges that Defendants Wilson and Dishman lied during these proceedings about Plaintiff's relationship with his other children to prevent Plaintiff from having custody of his son. At some point, the circuit court became involved in the custody dispute as well. Plaintiff alleges that Defendants Dishman and Defendant Christy Groce also lied and presented irrelevant testimony during the circuit court proceedings. At the time that Plaintiff filed his complaint, the custody proceedings were still on-going.

Plaintiff sues Defendants under 42 U.S.C. §§ 1983 and 1985 for violating his rights under the first, fourth, fifth, sixth, and fourteenth amendments to the United States Constitution. He further alleges that Defendants are liable under 18 U.S.C. §§ 241, 242, and 1961-68. He also asserts various state law causes of action. He is seeking both monetary and injunctive relief.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

**A.    18 U.S.C. §§ 241, 242**

Section 241 criminalizes the conspiracy "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." Section 242 criminalizes the deprivation of civil rights by a person acting under color of law. The Sixth Circuit has affirmatively held that "18 U.S.C. §§241 and 242, criminal counterparts to the civil rights statutes, do not provide a basis for civil liability." *Beerbower v. United States*, 787 F.2d 588, 1986 U.S. App. LEXIS 19515 at *8 (6th Cir. 1986). Additionally, Plaintiff, a private citizen, has no authority to initiate a federal criminal prosecution for what he perceives to be Defendants' alleged criminal actions. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Thus, Plaintiff's claims under 18 U.S.C. §§ 241, 242 will be dismissed for failure to state a claim.

**B.    Civil RICO**

Plaintiff claims Defendants are liable to him under civil RICO, 18 U.S.C. §§ 1961-68. A plaintiff suing under the civil RICO statute, 18 U.S.C. § 1964(c), must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496, (1985). Racketeering activity is defined as any act that is indictable under certain provisions of the federal code or under some state laws. 18 U.S.C. § 1961(1). Plaintiff is essentially alleging that Defendants' violation of his civil rights is the predicate racketeering activity. However, "violations of civil rights and constitutional law . . . are not predicate acts under RICO." *Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990); *see also Shuttlesworth v.*

*Housing Opportunities Made Equal*, 873 F. Supp. 1069, 1077 (S.D. Ohio 1994);

*United States v. Pack*, No. CV-F-93-5700 REC, 1995 U.S. Dist. LEXIS 8899 (E.D. Cal. June 16, 1995) ("The court has reviewed Section 1961(1) which contains the definition of 'racketeering activity.' From the court's research, violations of constitutional rights and civil rights are not predicate acts under RICO."). Accordingly, the Court will dismiss Plaintiff's civil RICO claim.

**C.**     **42 U.S.C. § 1985**

Plaintiff alleges that Defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985. To prove a conspiracy under § 1985(3) a plaintiff is required to show: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993). "The Sixth Circuit has ruled that § 1985(3) only applies to discrimination based on race or membership in a class which is one of 'those so-called 'discrete and insular' minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics.'" *McGee v. Schoolcraft Cmty. College,* 167 F. App'x 429, 435 (6th Cir. 2006) (quoting *Volunteer Medical Clinic, Inc., v. Operation Rescue*, 948 F.2d 218, 224 (6th Cir. 1991)). Plaintiff has not alleged membership in such a class. Accordingly, this claim will be dismissed for failure to state a claim.

**D.**     **42 U.S.C. § 1983**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

6

1. **Commonwealth of Kentucky and Department for Community Based Services-Cabinet for Health and Family Services**

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "The Cabinet for Health and Family Services is clearly an agency established by the Commonwealth of Kentucky and any judgment against the Cabinet would be assessed against the state treasury." *Njoku v. Kentucky*, No. 6-19-KKC, 2007 U.S. Dist. LEXIS 7558 (E.D. Ky. Feb. 1, 2007). Because the Commonwealth and the Cabinet are not a "persons" under the Act, the Court will dismiss the claims against them for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the Commonwealth and the Cabinet. A state and its agencies, such as the Cabinet, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Accordingly, the Court will also dismiss all claims against these two Defendants for lack of subject matter jurisdiction.

2. **Official Capacity Claims**

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

7

As employees of the Commonwealth, Defendants Raikes, Reed, Nichols, Wilson, Dishman, and Heller are likewise immune from suit under the Eleventh Amendment. *Will*, 491 U.S. 58 at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official capacity claims for damages against these Defendants must be dismissed.

### 3. Individual Capacity Claims Against Judges Raikes and Reed

A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. A judge will not be immune from suit where:  1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12. However, a judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). Because Plaintiff essentially complains only about conduct that comprises the very core of Judges Raikes and Reeds' official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against these Defendant Judges. *See Mireles*, 502 U.S. at 9.

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Section 1983 provides in pertinent part that "in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege and nothing in the complaints suggests that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's injunctive relief claims against the Defendant Judges will be dismissed as well.

### 4. Individual Capacity Claims Against Defendant Nicholas

Plaintiff's complaint against Defendant Nichols stems from his decision to pursue the harassment charge against Plaintiff and his refusal to prosecute Christy Groce for harassment. Prosecutors are afforded absolute immunity from suit under § 1983 when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430, (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). So long as the prosecutor's actions are in the judicial setting, he is cloaked with immunity from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Wayte v. United States*, 470 U.S. 598, 608 (1985). Plaintiff's complaints about the instant prosecutor-defendant all regard his actions as a prosecutor in a judicial setting, and Plaintiff has not alleged that they were based on any "unjustifiable standard." Therefore, Defendant Nichols is also entitled to dismissal from this case.

### 5. Individual Capacity Claims Against Remaining Defendants

#### i) Termination of Parental Rights in 2000

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384 (2007). In Kentucky, § 1983 actions are limited by the one-year

9

statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 127 S. Ct. at 1100. The Supreme Court has also recently held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199 (2007). In this case, Plaintiff's 42 U.S.C. § 1983 claims arising out of the termination of his parental rights in 2000 are time barred. Plaintiff knew or should have known of the injury that formed the basis of his those claims shortly after his rights were terminated. Plaintiff did not file the instant lawsuit until 2007, seven years after the alleged events occurred. His § 1983 claims related to the termination of his parental rights in 2000 are time barred.

    ii)  **Criminal and Custodial Hearings in 2006**

Plaintiff does not appear to allege that the Social Worker Defendants affirmatively began proceedings to terminate his parental rights in 2006 with respect to his minor son, A.G. Rather, he alleges that the Social Worker Defendants along with the Groces gave perjured testimony during a criminal proceeding filed against him by the Commonwealth and at a custody hearing that was initiated by Defendant Groce, the mother of his son, S.A. "Witnesses, whether governmental or private parties, are absolutely immune from liability in civil suits filed as a result of perjured testimony." *Sutton v. Rowland*, 785 F.2d 310 (6th Cir. 1986) (citing

*Briscoe v. LaHue*, 460 U.S. 325 (1983)). Accordingly, Plaintiff's § 1983 claims against the remaining Defendants will be dismissed.

**E.     Remaining State Law Claims**

Because no federal claim survives initial review, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367. The state law claims will therefore be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants

4413.008

11